# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **TANGO TRANSPORT, L.L.C.** | * | **CIVIL ACTION NO. 08-0559** |
| **VERSUS** | * | **JUDGE HICKS** |
| **TRANSPORT INTERNATIONAL POOL, INC.** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING[1]

Before the court is a motion to compel [Doc. # 74] filed by Plaintiff and Counter-Defendant Tango Transport, L.L.C. ("Tango") and a motion to compel [Doc. #78] filed by Defendant and Counter-Plaintiff Transport International Pool, Inc. ("TIP"). For reasons assigned below, both motions are **GRANTED in part and DENIED in part**.

The dispute in the above-captioned action revolves around a purchase and leaseback arrangement between Tango and TIP regarding trailers, specifically the condition and repair state of these trailers when Tango began to return them to TIP in 2007. The lease agreement allegedly mandated that Tango maintain and return the trailers in good operating condition and further that Tango reimburse TIP for any necessary repairs amounting to more than $250 per trailer. *See* Doc. # 65, Ex. 1. In short, Tango contends that TIP made, and subsequently billed Tango for, unnecessary repairs, while TIP argues that the repairs were necessary and, therefore, Tango owes it the billed amount. There is also a dispute between the parties regarding whether Tango is

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

responsible for storage fees allegedly resulting from TIP's failure to retrieve the trailers in a timely manner. Relevant to the instant dispute is the fact that the undersigned previously granted a motion to compel filed by Tango seeking an order compelling TIP to comply with Tango's Requests for Production Nos. 21 and 29, which sought information relating to any subsequent sales by TIP of the trailers at issue [Doc. #73,]. Request for Production No. 29 specifically sought, *inter alia*, documentation containing the name and address of any buyers of the trailers.

On June 30, 2009, Tango filed the instant motion to compel contending that it served TIP with a set of interrogatories on May 12, 2009, to which TIP has failed to provide answers. On June 23, 2009, Tango's counsel emailed TIP's counsel, who was in Louisiana for depositions at the time, and informed him that he had not seen TIP's answers to the interrogatories and requested that counsel advise him on the situation when he returned to Pennsylvania [Doc. #82-3]. In response on the same day, TIP's counsel requested that Tango's counsel scan the interrogatories and send them to him. *Id*. On June 24, 2009, Tango's counsel emailed the interrogatories to TIP's counsel. *Id*. Tango states that TIP's counsel never contacted Tango upon returning from Pennsylvania and did not respond to the interrogatories by the deadline for filing a motion to compel. In response to Tango's motion to compel, TIP argues that (1) Tango's counsel did not adequately confer with counsel for TIP prior to filing the motion pursuant to Local Rule 37-1W and (2) in any event, TIP has now served full and complete responses to the interrogatories. Thus, TIP contends that the motion should be denied as moot or, alternatively, on the ground that Tango failed to confer with counsel and attempt to resolve the dispute without court involvement prior to filing the motion.

Tango maintains that the above-noted chain of emails was sufficient to meet the

2

requirements of LR 37-1W and further that the responses provided by TIP were inadequate in the following ways: (1) the responses asserted numerous objections with were waived by TIP's untimely response and (2) TIP failed to fully respond to Interrogatory No. 10(b) which sought the addresses and telephone numbers of the parties to whom TIP sold the trailers at issue. TIP responds that although it asserted the objections noted by Tango, it provided a substantive response to each and every interrogatory. TIP further argues that it produced the documents it had which contained the names of the buyers of the trailers, but it does not believe that it has documentation "in any one place" that contains the addresses of the buyers. TIP contends that the phone numbers and addresses of the entities that purchased the trailers are as accessible to Tango as they are to TIP by way of an internet search.

Subsequently, on July 7, 2009, TIP filed a motion to compel on the ground that Tango has failed to produce internal electronic emails sought in TIP's Requests for Production.[2] Tango responded that it has now produced 1250 emails to TIP and is in the process of searching for additional emails which it will produce within thirty days. In addition to accusing Tango of spoliation of evidence regarding these internal emails, TIP states that it lacks faith that Tango will produce the additional emails within thirty days and, therefore, seeks an order from this Court compelling Tango to do so.

*A. Tango's Motion to Compel*

In the case *sub judice*, with regard to the addresses and phone numbers of the parties to whom the trailers at issue were sold, the undersigned finds that Tango's motion to compel is

---

[2] TIP's original motion also sought an order compelling Tango to produce certain documentation relating to Tango's purchase of additional trailers in 2007. However, TIP has withdrawn its motion to compel on this ground.

3

well-taken. As noted above, the undersigned previously ordered TIP to respond to Tango's Request for Production No. 29, which sought any documents relating to "any completed sales of the trailers, including . . . the name and address of the buyer of the trailers" [Doc. #'s 65-6, 73]. Therefore, as TIP has already been ordered by this Court to produce the addresses of the buyers of the trailers, its argument that Tango can just as easily run an internet search for such information is unpersuasive (especially since more than one company with the same or similar name might exist in different locations), as is its argument that Tango's motion in this regard should be denied based on Tango's failure to adequately confer with TIP regarding the dispute prior to filing the instant motion. Tango was not required to confer with TIP again when TIP was already subject to a court order to produce the addresses to Tango.

Accordingly, Tango's motion to compel as it pertains to the addresses of the buyers of the trailers is **GRANTED**, and TIP shall produce such information within fifteen (15) days of the date of this order.

However, as to the phone numbers of the buyers, such information was not specifically sought in Request for Production No. 29; the argument that the information is equally available to Tango is persuasive; and Tango's efforts to confer with TIP regarding this dispute were admittedly minimal; therefore, the motion to compel production of the phone numbers of the buyers is **DENIED**.[3]

---

[3] With regard to TIP's contention that it does not believe it has documentation "in any one place" that contains the addresses of the buyers, the undersigned notes that the fact that TIP may have to look in more than one place does not relieve it of its responsibility of producing the addresses. The undersigned also notes that TIP never objected in its opposition to Tango's original motion to compel on the ground that it did not have the addresses

Regarding Tango's complaints pertaining to TIP's objections to Interrogatory Nos. 2, 3, 4, 5, 7, 8, 9, 10, Tango appears to take issue only with the presence of the objections, which it contends were waived based on TIP's untimely responses and should be removed,[4] and not with the substance of the answers TIP provided. Given that Tango makes no argument as to how the answers are substantively inadequate, Tango's motion to compel in this regard is **DENIED**.

B. *TIP's Motion to Compel*

In its motion to compel, TIP seeks an order compelling Tango to produce internal electronic mail relating to the issues in this case in response to TIP's Requests for Production served on December 8, 2008. TIP's motion does not refer to any specific requests for production, although Tango contends that the only possible request that could serve as the basis for TIP's motion is Request No. 2., which states as follows:

> Please produce a copy of all writings, correspondence, electronic mail, documents, diaries, notations, records, or other written or printed materials, whether drafts, originals or copies, of any nature, and all records, whether audio or video, and whether mechanical, electronic or otherwise, pertaining to any of the trailers referred to in Request Number One above, Tango Transport's dispute with the Defendant in this case and/or in any way supporting any allegations contained in the Complaint or Answer to Counterclaim, originally by amendment, filed by Tango in this lawsuit or otherwise bearing on or pertaining to I) the alleged claims of Tango against TIP and/or ii) the alleged defenses of Tango to TIP's claims.[5]

[Doc. #78-4]. However, as TIP notes, in the "Definitions" section located at the beginning of the requests for production, the term "document" is defined as including electronic mail, *id*.; therefore, the use of the term "document" in any request would encompass electronic mail.

In any event, in response to TIP's motion, Tango admits that it has encountered "obstacles" in searching its email correspondence, but that it has now conducted a search of all of

---

[4] Tango's argument is based on Federal Rule of Civil Procedure 33(b)(4), which states: "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

[5] Tango objected to this request as overly broad and it maintains this objection.

its electronic data in an effort to locate all emails relating to any issue and further that it has produced over 1250 emails to Tango, in addition to a CD ROM containing the electronic version of such emails. Tango further contends that it is in the process of conducting another search of its electronic data using additional search terms pursuant to a request from TIP, with some limitations on such terms, and that it will take approximately thirty days to complete the search given the large volume of documents being generated and the process of removing unrelated and privileged emails. Therefore, states Tango, it will produce these additional emails within thirty days.

Although TIP takes issue with Tango's account of when these emails were produced, it acknowledges that it has received what appears to be the 1250 pages of emails to which Tango refers, but states that it has not had the opportunity to review the emails and, given that the discovery deadline has passed, it will not be able to conduct any additional depositions should any be necessary without leave of court. TIP contends that Tango's actions throughout this litigation indicate that it will not comply with its self-imposed thirty-day deadline for producing the remaining emails and thus seeks an order compelling Tango to do so.[6]

Accordingly, to the extent that TIP's motion seeks production of the aforementioned 1250 pages of emails that Tango has since produced, the motion is **DENIED** as moot. However, should TIP, upon review of such emails, decide that the information provided is inadequate, it may seek leave from this Court to file another motion to compel on such ground. To the extent

---

[6] Both parties also devote a large portion of their arguments in this matter to the issue of whether Tango failed to inquire of its employees in a timely fashion regarding the collection of emails relevant to this case and whether Tango destroyed evidence by changing its mainframe computer system and replacing employee hard drives after receipt of TIP's requests for production. However, these arguments are raised in TIP's motion for sanctions that is currently pending before the undersigned and have no bearing on the resolution of the instant motion to compel. Therefore, such arguments will be addressed in the undersigned's ruling on the motion for sanctions.

TIP seeks an order compelling Tango to provide the remaining emails which it states it is in the process of compiling, the motion is **GRANTED** and Tango shall provide such emails within thirty (30) days of the date of this order. Moreover, should TIP decide that the emails necessitate additional depositions, it may seek leave from this Court to conduct such depositions.

    THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 31st day of July, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE