UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TANGO TRANSPORT, L.L.C. | CIVIL ACTION NO. 08-559 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TRANSPORT INTERNATIONAL POOL, L.L.C. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before this Court is a Motion for Partial Reconsideration of the Court's Memorandum Order Dated November 9, 2009 [Record Document 149], filed on behalf of Defendant and Counterclaim Plaintiff, Transport International Pool, Inc. Plaintiff and Counter-Defendant, Tango Transport, Inc., opposes this motion. [Record Document 152]. For the reasons stated herein, Transport International Pool, Inc.'s motion is **DENIED.**

### BACKGROUND

In January of 2004 and July of 2004, Tango Transport, Inc. ("Tango") and Transport International Pool, Inc. ("TIP") entered into various sale-leaseback agreements whereby TIP purchased 384 dry van trailers from Tango and then leased the trailers back to Tango for continued use in Tango's business. See Record Document 109, Exs. A-4, A-5. Concerning the lease portion of the agreement, the parties entered into Vehicle Lease Agreement No.1-BN1E6 ("VLA"), along with Schedules AB-1, AB-2, and AB-1-I8J9M for the lease of the trailers to Tango for a period of thirty-six (36) months. See Record Document 109, Exs. A-2, A-5. The parties also executed a maintenance addendum, "Addendum M/N-1," which is specifically referenced in the VLA and purports to replace Sections 4, 5(A) and 5(B) of the VLA. See Record Document 109, Ex. A-2 (Addendum

M/N-1).  In addition, the parties executed "Additional Terms Addendum A/T," which also purports to replace Sections 4, 5(A) and (B), as well as Section 11 of the VLA.  See Record Document 109, Ex. A-3 (Addendum A/T).

The VLA provides that Tango shall return each trailer to TIP "in good condition, normal wear and tear excepted, with tires and brakes in accordance with Section 4 hereof or any maintenance addendum executed in connection herewith."  See VLA, Section 21. Upon Tango's return of the trailers to TIP, TIP made a claim upon Tango for various lease charges and damages.  See Record Document 1 (Complaint).  Tango disagreed with TIP's interpretation of the terms and conditions of the VLA, including the various addendums/additions thereto, and filed the present action against TIP "seeking a declaration with respect to parties rights, liabilities and obligations as relates to the terms and conditions of the parties' agreements with respect to [TIP's] claim for various lease charges, damages and late fees under the terms of said agreements."  Id. at ¶ 10.  In addition, Tango is seeking "to recover reasonable storage charges for storage of the leased vehicles when [TIP] failed to take possession of the leased vehicles in a timely and reasonable manner."  Id. at ¶ 8.  TIP filed a counterclaim against Tango alleging breach of contract and breach of guaranty, seeking damages in addition to late fees, all future lease payments, charges, expenses and fees as set out in the lease agreements.  See Record Document 62 (Third Amended Complaint).

On September 15, 2009, Tango moved for an order of partial summary judgment against TIP.  See Record Document 109.  The Court granted Tango's motion and made the following findings of fact and law:

1. With respect to the first group of 125 lease trailers, the terms and conditions contained in the "Additional Terms Addendum A/T" executed by Tango on February 11, 2004 replaced the terms and conditions set forth in "Maintenance Addendum M/N-1";

2. With respect to the second group of 259 lease trailers, the terms and conditions contained in the "Additional Terms Addendum A/T" executed by Tango on July 22, 2004 replaced the terms and conditions set forth in "Maintenance Addendum M/N-1";

3. The plain language in the "Additional Terms Addendum A/T" stating Tango "agrees to reimburse [TIP] for the total of all repairs and replacements exceeding $250 per trailer calculated in the aggregate for all Vehicles listed on [the appropriate Schedule]" means:

    a. Tango is entitled to a deduction of the total (i.e. aggregate) of all 125 trailers times $250 (or $31,250.00) for repair and replacement costs for the first group of 125 trailers;

    b. Tango is entitled to a deduction of the total (i.e. aggregate) of all 259 trailers times $250 (or $64,750.00) for repair and replacement costs for the second group of 259 trailers; and

    c. Tango's responsibility for payment to TIP for the return condition of all Vehicles listed on Schedules AB-1, AB-2, and AB-1-I8J9M is for the total amount of costs actually incurred by TIP for repairs and replacements (less the appropriate deduction).

[Record Document 143].

TIP now asks the Court to reconsider it ruling with respect to findings 3(a), 3(b), and 3(c). [Record Document 149]. Although TIP maintains the Court's findings that the Maintenance Addendum M/N-1 was replaced by both Addendums A/T, it is not seeking reconsideration of these specific fact findings at this time.

## LAW AND ANALYSIS

The Court has considerable discretion in granting a motion for reconsideration under Rule 59(e), which allows a motion to alter or amend a judgment. Motions to reconsider

serve the narrow purpose of allowing a party "to correct manifest errors of law or fact or present newly discovered evidence." Nationalist Movement v. Town of Jena, 321 Fed.Appx. 359, 364 (5th Cir. 2009) (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued or to re-urge matters that have already been advanced by a party. See Simon v. United States, 891 F.3d 1154, 1159 (5th Cir. 1990) (quoting Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)); see also, Nationalist, 321 Fed.Appx. at 364 (citing Waltman, 875 F.2d at 473-74).

After a thorough review of TIP's motion for reconsideration, the Court finds that TIP has failed to present any new evidence, legal theories, or arguments for the Court's consideration. Rather, TIP merely argues matter which were previously presented in its opposition to Tango's motion for partial summary judgment and were carefully considered by the Court prior to making its ruling. TIP contends the Court's fundamental error is that it never considered the reasonableness of TIP's alternative interpretation of the phrases "calculated in the aggregate" and "reimburse for the total of all repairs and replacements." [Record Document 149]. However, the Court did specifically consider TIP's alternative interpretations but rejected its interpretations as contrary to the plain and ordinary meaning of the language chosen by the parties. See Record Document 143, pp. 13-17. In other words, the Court determined that TIP's alternative interpretations were *unreasonable* and, therefore, that the terms of the contract were not ambiguous. See Samuel Rappaport Family Partnership v. Meridian Bank, 441 Pa.Super. 194, 204, 657 A.2d 17, 21 (1995) (a

contract is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which its meaning depends; and a contract is not rendered ambiguous by the mere fact that the parties do not agree on the proper interpretation).

Accordingly, having already exhaustively examined the arguments and evidence presented by the parties,

**IT IS ORDERED** that TIP's Motion for Partial Reconsideration of the Court's Memorandum Order Dated November 9, 2009 [Record Document 149] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 21st day of December, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE