UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TANGO TRANSPORT, L.L.C. | CIVIL ACTION NO. 08-559 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TRANSPORT INTERNATIONAL POOL, L.L.C. | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before this Court is a Motion to Exclude Evidence of, and Evidence Related to, Transport International Pool, Inc,'s ("TIP") November 20, 2009 Invoices or, Alternatively, Motion to Vacate the Court's November 20, 2009 Scheduling Order and for Discovery Sanctions [Record Document 159], filed on behalf of Plaintiff, Tango Transport, L.L.C. ("Tango").

On November 19, 2009, after the Court granted Tango's Motion for Partial Summary Judgment [Record Document 143], the Court issued a third Scheduling Order resetting the case for trial on May 10, 2010, and indicated that the deadlines for amendment of pleadings and discovery completion had passed. [Record Document 147]. The next day, TIP sent Tango additional invoices of repairs that had allegedly been performed to over 300 of the 384 trailers in this matter. [Record Document 159, Ex. 10]. Prior to this date, and during the entire extended period of discovery in this matter, TIP had submitted invoices to Tango for repairs of only 81 of the 384 trailers. [Record Document 159, Ex. 1].

Shortly thereafter, TIP filed a Motion for Leave to File Fourth Amended Counterclaim. [Record Document 151]. TIP's proposed fourth amended counterclaim alleged that Tango was liable to TIP for $185,529.01 in repair charges, an amount equivalent to the total of invoices sent to Tango on November 20, 2009 for the repairs

allegedly performed to over 300 of the 384 trailers. See Id., Ex. 1 ¶ 26. Magistrate Judge Hayes denied TIP's Motion for Leave, determining that (1) TIP offered no explanation for its failure to disclose the additional invoices to Tango until five months after the extended discovery deadline, (2) that Tango would be substantially prejudiced if TIP were granted leave to amend because Tango reasonably limited its discovery based on TIP's assertions that TIP performed repairs to only 81 trailers, and (3) that a continuance would not be in the best interest of justice. [Record Document 162]. The same reasons advanced by the Magistrate Judge for denying TIP's request to amend its counterclaim are equally applicable to the instant motion. See Fed. R. Civ. P. 16(f) (authorizing a district court to impose sanctions for a party's failure to comply with a scheduling order); S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) (setting forth the factors that should be considered in determining whether to exclude evidence or allow amendment of pleadings).

Accordingly, finding TIP has failed to demonstrate good cause for its failure to timely disclose the November 20, 2009 invoices of repairs that had allegedly been performed to over 300 of the 384 trailers,

**IT IS ORDERED** that Tango's Motion to Exclude Evidence [Record Document 159] be and is hereby **GRANTED.** Any evidence of TIP's November 20, 2009 invoices, as well as any evidence related to the charges for the alleged damages and repairs contained therein, are hereby excluded from evidence at the trial of this matter.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 10th of February, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE