UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TANGO TRANSPORT, L.L.C. | CIVIL ACTION NO. 08-559 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TRANSPORT INTERNATIONAL POOL, L.L.C. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Defendant, Transport International Pool, Inc.'s ("TIP"), Motion to Recuse or, Alternatively, Motion for Relief Under Fed. R. Civ. P. 60(b). [Record Document 252]. After a lengthy bench trial, a final judgment was entered in this matter on December 22, 2011, awarding the Plaintiff $150,000 for trailer storage fees and attorney fees pertaining to a wrongfully issued writ of sequestration. TIP now seeks to recuse the undersigned, to set aside the judgment entered on December 22, 2011, and to have the case as a whole reassigned to a new judge. See id.

Recusal

Title 28, United States Code, Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "A party seeking such disqualification must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1404, 1408 (5th Cir.1994) (citation omitted). The object of this provision is to "avoid even the appearance of partiality." Patterson v. Mobil Oil Corp., 335 F.3d 476, 484 (5th Cir.2003).

TIP contends Judge Hicks is disqualified under Section 455(a) because of his membership on the Board of Reference for the proposed Louisiana College John Paul Pressler Law School.[1] TIP alleges that during the pendency of this action, the Gorman Family, whose members own Tango Transport, LLC, made a monetary pledge to the Louisiana College John Paul Pressler Law School through Gorman Family Enterprises, LLC, in the amount of $500,000. According to TIP's reply brief, on September 1, 2010, Chris Gorman presented the donation to the proposed law school. [Record Document 255 at 1]. TIP contends this "cast[s] grave doubt on the trial court's ability to be fair and impartial or, at the least, give rise to an appearance of impropriety." [Record Document 252-2 at 4]. There are no allegations that the undersigned solicited or was otherwise involved in the pledge made by Gorman Family Enterprises, LLC to the as-yet-unopened law school.

TIP's allegations of impropriety or even an appearance of impropriety are utterly without merit. The Court receives no remuneration as a volunteer member of the Board of Reference.[2] Furthermore, there is an absence of any claim or evidence by TIP that the Court is in any manner involved in a decision-making role with respect to the proposed law school or its finances. There is no evidence that the Court's mere affiliation as a member of the Board of Reference with the Louisiana College John Paul Pressler Law School is

---

[1] The proposed Louisiana College John Paul Pressler Law School is not a party to this action.

[2] The Court notes that the Fifth Circuit has found no impropriety with the Court's volunteer membership on the LSU Law Center Alumni Board of Trustees. See Harris v. Board of Sup'rs of Louisiana State University & Agr. & Mechanical College ex rel. LSU Health Science Center, No. 09-31126, 2010 WL 5129704 (5th Cir. Dec. 8, 2010).

sufficient to undermine confidence in the impartiality of these proceedings. TIP has failed to "show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." Travelers Ins. Co., 38 F.3d at 1408. The Motion to Recuse is, therefore, **DENIED**.

FED. R. CIV. P. 60

Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). TIP argues that it is entitled to relief from judgment under this provision because of the appearance of impropriety, its purported "any reason that justifies relief."

Rule 60(b)(6) is only invoked in "extraordinary circumstances." Rocha v. Thaler, 619 F.3d 387, 400 (5th Cir.2010). "Although § 455 does not speak to vacating a judgment, Rule 60(b)(6), in conjunction with § 455, does provide 'a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.'" Travelers Ins. Co., 38 F.3d at 1408. In Travelers, the Fifth Circuit stated that because Section 455(a) was the basis of invoking Rule 60(b)(6), it would consider Section 455(a)'s requirements.[3] See Travelers Ins. Co., 38 F.3d at 1410. The Travelers court also noted that "even assuming arguendo a § 455 violation, the denial of the [Rule 60(b)(6)] motions was not an abuse of discretion." Id. at 1411; see also Patterson, 335 F.3d at 485 ("Although we conclude that [the judge] should have stood recused under § 455(a), we do not automatically vacate the rulings issued after

---

[3] In this instance, the Fifth Circuit considered Section 455(a)'s requirements in the context of determining whether the Rule 60(b)(6) motion was timely. See Travelers Ins. Co., 38 F.3d at 1410.

he should have recused himself."). This rationale indicates that the Court must find a violation of Section 455(a) in order to vacate under Rule 60(b)(6) on the grounds of impropriety or appearance of impropriety. Therefore, TIP's Rule 60(b)(6) motion is likewise **DENIED**, as the Court previously held that TIP's allegations of impropriety or even an appearance of impropriety are wholly without merit.

Accordingly,

**IT IS ORDERED** that TIP's Motion to Recuse or, Alternatively, Motion for Relief Under Fed. R. Civ. P. 60(b) [Record Document 252] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 4th day of April, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE