# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| TANGO TRANSPORT, L.L.C. | CIVIL ACTION NO. 08-559 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TRANSPORT INTERNATIONAL POOL, INC. | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before this Court is a Motion for Stay of Execution Pending Disposition of Post Trial Motions, and/or During Pendency of Appeal, For Approval of Supersedeas Bond, and For Release of Bond Obligation (Record Document 262), filed on behalf of the Defendant, Transport International Pool, Inc. ("TIP"). The Plaintiff, Tango Transport, L.L.C. ("Tango") does not oppose the granting of the supersedeas bond, but does oppose the Release of Bond Obligation. [Record Document 264].

On May 13, 2008, Magistrate Judge Hornsby issued a Writ of Sequestration for TIP to seize 81 TRAC lease trailers that were in Tango's possession, and TIP was directed to provide security in the form of a bond for the amount of $1,200,000.00. [Record Document 5]. On August 19, 2008, the sequestered property was released to TIP, but the bond remained in full force and effect. [Record Document 30]. Following a bench trial, a final judgment on all claims between Tango and TIP was issued on December 22, 2010 (Record Document 222) and a judgment awarding attorneys' fees was issued on April 1, 2011 (Record Document 258).

TIP has provided a supersedeas bond to secure both judgments. TIP now argues "because the $191,000.00 supersedeas bond proposed by TIP in the instant motion will

satisfactorily bond this Court's April 1, 2011 judgment awarding attorneys' fees to Tango for wrongful sequestration, the $1,200,000.00 bond for writ of attachment or sequestration, previously posted by TIP to bond the sequestration of 81 TRAC lease trailers, is no longer necessary." [Record Document 262 at 4].

According to the Louisiana Code of Civil Procedure:

> The security required of the plaintiff for the issuance of a writ of attachment or of sequestration shall be released when judgment is rendered in his favor and is affirmed on appeal or when no appeal has been taken and the delay for appeal has elapsed.

LA. CODE CIV. PROC. ANN. art. 3512.[1]  At this time, the judgment of this Court has not been affirmed or appealed.  The Court is still considering post trial motions.  Given the contentious nature of this litigation, the Court feels that it would be prudent to err on the side of caution.  The bond shall remain in full force and effect until all appeals have been exhausted and the judgments are final.

---

[1] The Court adopts the Louisiana Code of Civil Procedure's rules that establish the standards for release of plaintiff's security.  See Fed. R. Civ. P. 64(a) ("At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.  But a federal statute governs to the extent it applies.").  No federal statute applies to Louisiana's Writ of Sequestration.

For the reasons and analysis above,

**IT IS ORDERED** that TIP's Motion for Stay of Execution Pending Disposition of Post Trial Motions, and/or During Pendency of Appeal, for Approval of Supersedeas Bond issued by Liberty Mutual Insurance Company in the amount of $191,000.00 (Record Document 262) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that TIP's Motion for Release of Bond Obligation (Record Document 262) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 26th day of April, 2011.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE